IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DIANNE BROWN o/b/o C.B., | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:15-CV-57 MSH |
| | : Social Security Appeal |
| CAROLYN W. COLVIN, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

# **ORDER**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's[1] application for Supplemental Security Income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff, filing suit on Claimant's behalf, contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

---

[1] The Court refers to Dianne Brown as Plaintiff and to the minor child, C.B., as Claimant.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner.[2] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

In a case where a child claimant is seeking entitlement to Title XVI benefits, the following definition of disability applies:

---

[2] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).  Therefore, eligibility depends upon the presence of "marked and severe functional limitations."  A sequential evaluation process is used to determine if the child meets the statutory definition of disability.  20 C.F.R. § 416.924 *et seq*.  Step one requires the ALJ to determine whether the child is engaging in substantial gainful activity.  If so, then the claim is denied.  Step two requires that the ALJ determine whether or not the child has a severe impairment or combination of impairments, defined as more than a slight abnormality and causing more than minimal functional limitations.  If not, then the claim is denied.

Step three requires the ALJ to decide whether the impairment is medically or functionally equivalent to impairments described in the listings of the regulations.  To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional equivalent of the impairments listed in the Federal Regulations.  20 C.F.R. § 416.926a(a).  A limitation is "marked" when the child's impairment or impairments

3

seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id*. An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized test "scores that are at least three standard deviations below the mean." *Id*. § 416.926a(e)(3)(I).

## ISSUES

I.  **Whether the ALJ erred in rejecting an examining psychologist's opinion.**

II. **Whether the ALJ erred in his evaluation of the medical and school records.**

## Administrative Proceedings

Plaintiff Dianne Brown filed an application for supplemental security income (SSI) on May 18, 2012 seeking benefits on behalf of C.B., her minor nephew.[3] Plaintiff's application was denied initially on August 21, 2012, and on reconsideration on September 27, 2012. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on November 7, 2012, and the hearing was conducted on November 20, 2013. At the hearing Plaintiff was represented by her attorney and gave testimony. Claimant was ten years old at the time of the hearing and did not appear. The ALJ issued an unfavorable decision denying Plaintiff's claim on January 27, 2014. Tr. 16-19, 40, 162, ECF No. 14. Plaintiff requested review by the Appeals Council, which

---

[3] Plaintiff is Claimant's legal guardian.

was denied on April 15, 2015.  Tr. 1-15.  This appeal followed.

## Statement of Facts and Evidence

Claimant, a male, was born in 2003 and was placed in Plaintiff's custody shortly following his birth.  Tr. 162-164.  Plaintiff alleged in the application for benefits that Claimant is disabled due to attention deficit hyperactivity disorder (ADHD), depression, and anger.  Tr. 192.  The ALJ found him to have severe impairments of ADHD, oppositional defiant disorder, and learning disorder.  20 C.F.R. § 416.924(c); Finding No. 3, Tr. 22.  The ALJ then found that these severe impairments, alone or in combination, failed to meet or medically equaled the severity of one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, App'x 1.  He further found that Claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.  20 C.F.R. §§ 416.924(d), 416.926(a); Finding Nos. 4 & 5, Tr. 23.  Thus, the ALJ found Claimant not to be disabled as defined in the Social Security Act.  Finding No. 6, Tr. 32.

## DISCUSSION

Plaintiff raises two issues in this action.  She first contends that the ALJ erred by rejecting the opinion of an examining psychologist about Claimant's functional limitations without good cause or adequate explanation.  Pl.'s Br. 1, ECF No. 15.  Next, she asserts that the ALJ did not adequately evaluate the record evidence from medical sources and school records in reaching his decision to deny her claim.  Pl.'s Br. 2.  The Commissioner, in response, argues that the ALJ's decision is well reasoned and based on substantial evidence and any error in the evaluation of the record evidence is harmless.

Comm'r Br. 3-4, 14, ECF No. 17.  The Court has determined, after a thorough review of the record and the ALJ's decision, that the opinion of the examining psychologist was improperly considered and remand is required.  Because remand is necessary on the first issue, the Court declines to address Plaintiff's second issue.

     Matt Butryn, Ph.D., a clinical neuropsychologist, evaluated Claimant on March 12, 2012 and April 12, 2012.  Ex. 4F, Tr. 355.  According to Dr. Butryn's records, he conducted a clinical interview with Claimant and Plaintiff and reviewed Claimant's medical and academic records.  He also gave Claimant five diagnostic tests: Wechsler Intelligence Scale for Children IV, Wechsler Individual Achievement Test II, Children's Memory Scale, Conners' Continuous Performance Test Version II, and Behavior Assessment System for Children.  Tr. 355.  In the section of his report captioned "Test Summary" Dr. Butryn said Claimant "demonstrated one of the most severe negative influences of underlying processing skills I have seen in several years of specializing in attention deficit disorder pathology."  Tr. 356.  He characterized Claimant's performance across subtests designed to gauge strengths in attention, concentration, processing speed and sustained mental effort and focus as "far below average" and described the testing results as establishing problems that "appear severe in intensity."  *Id.*  These conclusions are based on Claimant's performance on one test—the Wechsler Intelligence Scale for Children—and the clinical picture gets worse.

     On the Wechsler Individual Achievement Test II, Claimant "scored far below average" across the testing range in reading, arithmetic and spelling. Dr. Butryn interpreted the scores on the WIAT II to show "no strengths relative to his age and grade

levels across this academic skills test battery." Tr. 356.  Reading skills were scored at "far below average."  *Id.*  On the third test, the Childhood Memory Scale, the scores indicated "major pathology."  *Id.*  Claimant's scores on the Conners' Continuous Performance Test showed "significant problems" with attention and focus and information/thought processing below average.  *Id.*  The last test, the Behavioral Assessment System for Children, rated him as "clinically significant" for attention problems, hyperactivity/impulsivity, and aggression and "far below average" for adaptive skills.  *Id.*

In addressing Dr. Butryn's assessments, the ALJ specifically afforded them "significant weight."  Tr. 27.  Inexplicably, however, the ALJ gave only "little weight" to Dr. Butryn's subsequent Childhood Functioning Questionnaire which was based on the same testing assessments the ALJ found to merit "significant weight."  Ex.7F, Tr. 391.  While the Commissioner adroitly urges the Court to distinguish between the ALJ's decision to give significant weight to Dr. Butryn's assessment but only little weight to his opinion, that position is untenable and meritless in this case.  Comm'r's Br. 14 n.7.

Dr. Butryn's report found at Exhibit 4F is a narrative recitation by an examining specialist of conclusions from five different objective tests.  It is extreme and consistently so.  *See* Tr. 355-57.  The Commissioner cannot both give such a dire clinical characterization of Claimant significant weight and little weight at the same time, at least not without a more complete and thorough explanation than is now before the Court.  The mere fact that eighteen months separated the testing from the preparation of the questionnaire is not enough.  Whether the Commissioner recontacts Dr. Butryn, seeks a

7

consultative examination, or does otherwise is her decision. Plaintiff's contentions have merit and remand is ordered.

## CONCLUSION

For the reasons stated above, it is ordered that Plaintiff's case be remanded to the Social Security Commissioner, under sentence four of Section 205(g) of the Social Security Act, for further proceedings consistent with this opinion. Furthermore, it is ordered that the ALJ address both of Plaintiff's enumerated errors on remand.

SO ORDERED, this 19th day of May, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE